

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00166-CR

---

**DANZEL RAY DAVIS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32093A, Honorable Dee Johnson, Presiding

---

April 16, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant was convicted by a jury of aggravated assault with a deadly weapon (count 1)[1] and possession of 1.31 grams of cocaine, a controlled substance (count 2).[2] He was assessed punishment of 10 years of confinement and a $5,000 fine on Count 1, and 5 years of confinement and a $2,500 fine on Count 2, with the periods of confinement

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (second-degree felony).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (third-degree felony).

to run concurrently.  In his appeal, his counsel filed an *Anders*[3] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgment of the trial court.

The record reflects that in the early morning hours of March 31, 2022, Appellant fired two bullets at a car owned by Zamora Chaney in the parking lot of an Amarillo nightclub.  On-duty police officers who were across the street responded to the sound of gunfire.  One officer recovered two shell casings from near where the shots were fired.

Officers in the area were instructed to be on the lookout for a white Dodge Charger; a car matching that description was soon seen driving in the area.  After the Charger's driver, later determined to be the Appellant, committed a traffic violation, officers initiated a stop.  Appellant smelled of alcohol and was arrested.  Police discovered a handgun underneath the driver's seat of Appellant's vehicle.[4]  When Appellant was searched upon arrival at the jail, police discovered seven bags of cocaine in his wallet.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Appellant's counsel informed Appellant of his right to file a pro se response and provided Appellant with copies of his motion to withdraw, his *Anders* brief, and the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] At trial, the State presented testimony demonstrating a similarity between cartridge casings from the gun found in Appellant's vehicle and the two casings recovered from the nightclub's parking lot.

filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.[5] To date, Appellant has not filed a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[6]

**Conclusion**

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

---

[5] By letter, the State offered to file a brief if requested to do so—none was requested.

[6] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.